IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      CR. No. 09-491 JP

CARLOS ALBERTO JOVEL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On April 7, 2010, the United States of America (USA) filed United States' *Motion in Limine* for a Pretrial Ruling that Maria Luisa Jovel is Not Subject to the Husband-Wife Privilege Concerning Testimony Related to Her Business, Kalifornia Express (Doc. No. 147)(Motion in Limine). Having reviewed the briefs and relevant law, the Court concludes that the Motion in Limine should be denied.

Maria Luisa Jovel, Defendant's wife, testified at a detention hearing on behalf of the Defendant on April 14, 2009. Ms. Jovel testified at the detention hearing about her business Kalifornia Express as well as about the incident that is the subject of this criminal case. The USA now intends to serve Ms. Jovel with a trial subpoena to testify in the USA's case-in-chief regarding "1) her official position in Kalifornia Express; 2) other employees of Kalifornia Express, including defendant Jovel; 3) business operations of Kalifornia Express; and 4) facts specific to the incident in question." Motion in Limine at 1-2. The USA maintains that it will not ask Ms. Jovel "to divulge private confidential information resulting from conversations with Defendant Jovel." *Id*. at 2.

The USA filed this Motion in Limine in anticipation of serving the trial subpoena on Ms. Jovel to ensure that the husband-wife privilege would not preclude Ms. Jovel's testimony at trial. The USA claims that the husband-wife privilege is inapplicable in this situation for several reasons. First, the USA contends that if there is a husband-wife privilege, it cannot be asserted because Ms. Jovel waived that privilege when she voluntarily testified at the detention hearing and Defendant did not object to that testimony. Second, the USA asserts that the testimony it plans to elicit from Ms. Jovel is relevant to the case. Finally, the USA argues that the testimony Ms. Jovel would provide does not concern private confidential communications between spouses.

Defendant argues, however, that he will invoke the husband-wife privilege regarding any marital communications. Moreover, Defendant indicates that Ms. Jovel will refuse to testify against Defendant because the information the USA intends to elicit from her will necessarily be adverse to the Defendant.

Fed. R. Evid. 501 states that federal common law governs the assertion of privilege in federal criminal cases.[1] The person seeking to assert an evidentiary privilege bears the burden of establishing its applicability. *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995), *cert. denied*, 517 U.S. 1190 (1996). Two types of marital privileges exist under federal common law. The first type of marital privilege is commonly called the "adverse spousal testimony" privilege, and it allows a spouse to refuse to testify adversely to his or her spouse. *Trammel v. United States*, 445 U.S. 40, 53 (1980); *S.E.C. v. Lavin*, 111 F.3d 921, 925 (D.C. Cir. 1997). The

---

[1] "[T]he privilege of a witness ... thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501.

second type of marital privilege is commonly called the "marital communications" privilege, and it protects from disclosure private communications between spouses. *Blau v. United States*, 340 U.S. 332, 333 (1951).

  Although Ms. Jovel testified at the detention hearing, that testimony was given on behalf of Defendant and therefore was not adversarial to Defendant.  That testimony also apparently did not involve private spousal communications.  Hence, these circumstances hardly rise to the level of a waiver of the husband-wife privilege in the context of a trial against Defendant.  Additionally, even if Ms. Jovel's trial testimony would be relevant to the case, it would be absurd to conclude that relevancy alone is enough to waive a privilege.  Furthermore, it is clear that the USA intends to use Ms. Jovel's trial testimony "against" Defendant and that the testimony in that situation would certainly be adverse to Defendant.  The Defendant has, therefore, carried his burden of establishing the applicability of the husband-wife privilege to the trial testimony of Ms. Jovel.  Consequently, the Motion in Limine will be denied.

  IT IS ORDERED that United States' *Motion in Limine* for a Pretrial Ruling that Maria Luisa Jovel is Not Subject to the Husband-Wife Privilege Concerning Testimony Related to Her Business, Kalifornia Express (Doc. No. 147) is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE